UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 23-cv-20308-SCOLA/GOODMAN

STRIKE 3 HOLDINGS, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
73.49.81.161 an individual,

    Defendant.
_____/

## ORDER PERMITTING PLAINTIFF TO SERVE THIRD-PARTY SUBPOENA BEFORE RULE 26(f) CONFERENCE

This cause is before the Undersigned on Strike 3 Holdings, LLC's ("Plaintiff") Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 7]. United States District Judge Robert N. Scola, Jr. has referred to the Undersigned all discovery matters in this case. [ECF No. 5].

On January 26, 2023, Plaintiff filed a complaint for copyright infringement against a yet-to-be-identified defendant, who has been named John Doe. [ECF No. 1]. Plaintiff is the owner of certain motion pictures distributed through adult websites and DVDs. [ECF No. 1, ¶¶ 2-3]. The Complaint alleges that John Doe has used the BitTorrent protocol to download Plaintiff's motion pictures and distribute them to others. *Id.* at ¶ 4. According

to the Complaint, Defendant's Internet Service Provider ("ISP") is Comcast Cable and his or her Internet Protocol (IP) address is 73.49.81.161. *Id.* at ¶ 5.

Plaintiff seeks leave to serve a third-party subpoena on Defendant's ISP and states that Defendant's ISP "is the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." [ECF No. 7, p. 2]. Specifically, Plaintiff seeks to issue a subpoena under Federal Rule of Civil Procedure 45 to Comcast Cable directing it to provide subscriber information about John Doe "so that Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." *Id.* Plaintiff states that it "will only use this information to prosecute the claims made in its Complaint" and that "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *Id.*

**I.      Legal Standard**

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

"Control over the course of discovery and scheduling is committed to the 'broad discretion' of the court." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (citing *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001); *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1322 (11th Cir. 2004)). "[I]f a court finds

good cause, it may issue an order allowing a party to serve a third-party subpoena before the Rule 26(f) conference." *Malibu Media, LLC v. John Doe subscriber assigned IP address 66.229.12.94*, No. 13-62239-CIV, 2013 WL 12145943, at *1 (S.D. Fla. Oct. 31, 2013) (Scola, J.).

Courts consider multiple factors in determining whether the good cause standard has been met:

> In cases involving infringement via the internet, courts often evaluate good cause by considering factors such as the concreteness of the plaintiff's *prima facie* case of infringement; the specificity of the discovery request; the absence of alternative means to obtain the subpoenaed information; and the need for the subpoenaed information to advance the claim.

*Malibu Media, LLC v. Doe*, No. 8:15-CV-2313-T-17EAJ, 2015 WL 12850570, at *1 (M.D. Fla. Nov. 4, 2015). "Courts have also considered whether the defendant's expectation of privacy outweighs the need for the requested discovery." *Malibu Media, LLC v. Doe*, No. 14-61957-CIV, 2014 WL 12605502, at *1 (S.D. Fla. Sept. 30, 2014).

The burden of establishing good cause is on the party seeking the expedited discovery. *Mullane v. Almon*, 339 F.R.D. 659, 663 (N.D. Fla. 2021).

**II.    Analysis**

    **A.    Good Cause**

Plaintiff has met its burden of establishing good cause for the expedited issuance of a subpoena to Defendant's ISP.

3

Plaintiff has alleged a *prima facie* case of copyright infringement. "To establish a *prima facie* case of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232–33 (11th Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

The Complaint alleges that "Plaintiff owns the copyrights to the Works and the Works have been registered with the United States Copyright Office." Complaint at ¶ 45. Attached as "Exhibit A" to the Complaint is a list of the 35 Works at issue in the instant case. [ECF Nos. 1, ¶ 42; 1-1]. For each Work listed in Exhibit A to the Complaint, Plaintiff has included "the date of publication, the date of registration, and the [W]ork's copyright registration number." [ECF No. 1, ¶ 42]. The Complaint further alleges that "Defendant copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol" and that "[a]t no point in time did Plaintiff authorize, permit or consent to Defendant's distribution of its Works, expressly or otherwise." *Id.* at ¶¶ 49-50.

The information sought by Plaintiff's subpoena is narrow. Plaintiff states that its "subpoena is limited and only 'seeks concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address . . . .'" [ECF No. 7, p. 6 (quoting *John Wiley & Sons, Inc. v. Doe*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012))]. Courts have granted similar relief where the information sought by the ISP subpoena was "limited to basic information such as [the John] Doe Defendant's name and addresses."

*Manny Film LLC v. Doe*, No. 8:15-CV-507-T-36EAJ, 2015 WL 12850566, at *2 (M.D. Fla. May 18, 2015).

Plaintiff contends that a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case. [ECF No. 7, p. 7 ("There is simply no alternative means by which Plaintiff can identify Doe Defendant absent the present subpoena.")]. "Because only ISPs can connect a given IP address with a named individual, Plaintiff has no other means to uncover Doe Defendant's identity." *Malibu Media, LLC v. Doe*, No. 8:15-CV-2313-T-17EAJ, 2015 WL 12850570, at *2 (M.D. Fla. Nov. 4, 2015). "[C]ourts routinely find good cause to serve a third-party subpoena on an ISP so that a plaintiff may discover the identity of a John Doe defendant that allegedly infringed on the plaintiff's copyright through activity on the Internet." *Plastic the Movie Ltd. v. Doe*, No. 15-CIV-60699, 2015 WL 12843214, at *1 (S.D. Fla. Apr. 14, 2015).

Plaintiff will not be able to advance the litigation and pursue its copyright infringement claim without issuing a subpoena to Defendant's ISP. *See Malibu Media, LLC v. Doe*, No. 1:14-CV-23142-KMM, 2014 WL 12605503, at *1 (S.D. Fla. Sept. 29, 2014) ("[A] subpoena pursuant to Rule 45 to John Doe's ISP is the only way in which [the] [p]laintiff can identify John Doe and thus move forward with the case.").

Moreover, there is reason to believe that certain information may be lost if a subpoena is not issued to the ISP. *See Arista Recs. LLC v. Does 1-7*, No. 3:08CV18 CDL, 2008 WL 542709, at *1 (M.D. Ga. Feb. 25, 2008) (noting that "time [was] of the essence due to

5

the fact that ISPs typically do not retain user activity logs for extended periods. If the information identifying the Doe Defendants [was] not disclosed, [the] [p]laintiffs [would] lose the ability to pursue their claims.").

Lastly, "Plaintiff's strong interest in ascertaining Defendant John Doe's true identity so that it may prosecute its copyright claim outweighs any privacy interest Defendant may possess." *Malibu Media, LLC*, 2014 WL 12605502, at *2.

### B. Procedural Protections

Because the ISP subscriber may not necessarily be the individual who is allegedly engaged in the infringing activity, some courts have included procedural protections when granting the type of relief sought by Plaintiff here. *See Malibu Media, LLC v. Doe*, No. 8:15-CV-2313-T-17EAJ, 2015 WL 12850570, at *2 (M.D. Fla. Nov. 4, 2015) ("[T]he Court recognizes that the individual who pays for internet access at a given IP address may not be the same individual who engaged in the infringing activity."). The Undersigned will similarly include procedural protections in this Order.

### III. Conclusion

Plaintiff has established good cause for it to serve a third-party subpoena on Comcast Cable (the ISP identified in the Complaint) before a Rule 26(f) conference has taken place. The Undersigned hereby **grants** Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 7] as follows:

1. Plaintiff may serve Comcast Cable with a Rule 45 subpoena commanding it to provide Plaintiff with the true name and address of the person to whom Comcast Cable assigned the IP address identified in the Complaint. Plaintiff shall attach to any such subpoena a copy of the Complaint, including all exhibits, and this Order.

2. Upon receipt of Plaintiff's subpoena, Comcast Cable shall provide John Doe with a copy of the Complaint and this Order, and inform him or her or it that he or she or it may move to quash the subpoena, or otherwise contest having identifying information released to Plaintiff, within thirty (30) days of being served with the subpoena by Comcast Cable. If John Doe does not contest the subpoena, then at the conclusion of that period Comcast Cable will provide Plaintiff the information sought by the subpoena.

3. If John Doe does move to quash the subpoena or otherwise asks the Undersigned to order Comcast Cable to not release his or her or its identifying information to Plaintiff, then John Doe must notify Comcast Cable of this fact, so that Comcast Cable knows to not release John Doe's information to Plaintiff until the Undersigned rules on John Doe's motion.

4. Comcast Cable shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

5.  Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on Comcast Cable for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

6.  Comcast Cable may qualify as a "cable operator," as defined by 47 U.S.C. § 522(5), which states:

> the term "cable operator" means any person or group of persons
>
> (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or
>
> (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

If so, it shall comply with 47 U.S.C. § 551(c)(2)(B), which states:

> A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed.

Comcast Cable may do so by sending a copy of this Order to John Doe.

**DONE AND ORDERED** in chambers, in Miami, Florida, on March 3, 2023.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies Furnished to:**
The Honorable Robert N. Scola, Jr.
All counsel of record